UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SYLVESTER OKOPU,

Plaintiff(s),

v.

CITY OF TUMWATER ET AL.,

Defendant(s).

CASE NO. C26-6022-KKE

ORDER GRANTING MOTIONS TO AMEND AND TO REMAND

This matter comes before the Court on Plaintiff's motion for leave to amend his complaint (Dkt. No. 8) and motion to remand (Dkt. No. 9). Plaintiff, proceeding *pro se*, filed his complaint in Thurston County Superior Court, and Defendants removed based on federal question jurisdiction. Dkt. No. 1. Defendants then filed an answer on September 21, 2026. Dkt. No. 7. On September 30, 2026, Plaintiff filed the present motions. Dkt. Nos. 8, 9. Both motions are unopposed.

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint "once as a matter of course no later than … 21 days after service of a responsive pleading[.]" Fed. R. Civ. P. 15(a)(1)(B). Here, Plaintiff filed his motion for leave to amend his complaint less than 21 days after Defendants filed their answer, and Plaintiff had not previously amended his complaint. Thus, Plaintiff was then entitled to amend his complaint "as a matter of course." *See id.*; *Turpen v. Turpen*, No. C22-0496-JCC, 2022 WL 17668095, at *1 (W.D. Wash. Dec. 14, 2022) ("An answer

to a complaint is a responsive pleading."). Accordingly, the Court will grant Plaintiff's motion to amend his complaint. Dkt. No. 8.

"A post-removal amendment can divest a federal court of its supplemental jurisdiction because—as the usual procedural principle holds—jurisdiction follows from (and only from) the operative pleading." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025). Here, Plaintiffs' original complaint alleged claims under 42 U.S.C. § 1983 and Washington State law (Dkt. No. 1-2), and Defendants removed on the basis of the § 1983 claims. Dkt. No. 1. In the amended complaint, which supersedes the original complaint, *see Royal Canin*, 604 U.S. at 35, Plaintiff excises the § 1983 claims and only alleges the state law claims. Dkt. No. 8-1. Where, as here, "a plaintiff, after removal, cuts out all her federal-law claims, federal-question jurisdiction dissolves," and "supplemental jurisdiction over the residual state claims disappears as well. The operative pleading no longer supports federal jurisdiction, and the federal court must remand the case to the state court where it started." *Royal Canin*, 604 U.S. at 54–55. Accordingly, the Court will grant Plaintiff's motion to remand. Dkt. No. 9.

For the reasons stated above, the Court GRANTS Plaintiff's unopposed motions to amend his complaint and to remand. Dkt. Nos. 8, 9. The Court therefore REMANDS the case to the Thurston County Superior Court.

Dated this 18th day of November, 2026.

Kymberly K. Evanson
United States District Judge